**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DAVID W. SCHULL and VEDA SCHULL,

    Plaintiffs,

v.

CITIMORTGAGE, INC., FIRST
COMMONWEALTH MORTGAGE
CORPORATION, and NORTHWEST
TITLE AND ESCROW GROUP,

    Defendants.

_____/

Case No. 11-15643

HONORABLE DENISE PAGE HOOD

**ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
AND
ORDER GRANTING DEFENDANT CITIMORTGAGE'S MOTION TO DISMISS**

**I.   BACKGROUND**

This matter was removed from the Wayne County Circuit Court, State of Michigan on December 27, 2011. Plaintiffs David W. Schull and Veda W. Schull filed a Complaint against several Defendants, including: CitiMortgage Inc. ("CitiMortgage"); First Commonwealth Mortgage Corporation ("First Commonwealth"); Bank of America[1]; Northwest Title and Escrow Group ("Northwest"); and Reliant Appraisal Services ("Reliant").[2] The Complaint alleges the following counts: Fraudulent Misrepresentations (Count 1); Violation of Mortgage Brokers, Lenders, and Servicer Licensing Act, M.C.L. § 445.1672 *et seq.* (Count II); Breach of Contract (Count III); Malpractice (Count IV); Violation of 15 U.S.C. § 1639 (Count V); Violation of M.C.L. § 600.3204,

---

[1] A stipulation and order was entered dismissing Bank of America on February 6, 2012. (Doc. No. 13)

[2] A stipulation and order was entered dismissing Reliant on May 24, 2012. (Doc. No. 19)

*et seq.* (Count VI); Quiet Title (Count VI)(sic); and, Injunctive Relief (Count VII).

The real property at issue is commonly known as 29235 Bradbury Drive, Flat Rock, Michigan 48134. (Comp., ¶ 7) Plaintiffs purchased the property on November 3, 2006, entering into two notes and mortgage with First Commonwealth. (Comp., ¶ 11) Bank of America is successor in interest to First Commonwealth as to the second note and mortgage. (Comp., ¶ 12) CitiMortgage is the successor in interest to First Commonwealth as to the first note and mortgage. (Comp., ¶ 13) Northwest was the closing agent for the loans. (Comp., ¶ 14) Reliant was the appraiser employed by First Commonwealth. (Comp., ¶ 15) Plaintiffs allege that Defendants failed to provide Plaintiffs with the proper disclosures required under Michigan and federal laws. (Comp., ¶ 16) Plaintiffs further allege that Defendants' loan was in violation of state and federal laws in that the loan is a negative amortization loan. (Comp., ¶ 17) Plaintiffs assert that monthly statements were mailed at or near the disclosed required payment and that Plaintiffs timely and fully paid the statements. (Comp., ¶ 18) The outstanding loan accrued balance increased even though Plaintiffs remitted monthly payments to Defendants. (Comp., ¶ 19) Plaintiffs claim that Defendants failed to disclose the monthly payments required pursuant to the Truth In Lending Disclosure were insufficient to amortize the loan. (Comp., ¶ 20) At the time of the loan closing, Plaintiffs assert they did not know that First Commonwealth issued sub-prime loans that were not based on true property values or the borrower's actual ability to repay. (Comp., ¶ 21) Plaintiffs assert that Defendants have instituted foreclosure proceedings on the alleged mortgages and notes for the property. (Comp., ¶ 24)

CitiMortgage has now filed a Motion to Dismiss Plaintiffs' Complaint. Plaintiffs responded to the motion and CitiMortgage filed a reply. Plaintiffs also filed a Motion for Summary Judgment

to which CitiMortgage has filed a response. Supplemental briefs were filed. Oral arguments were heard on the matter.

## II.     ANALYSIS

### A.     Standard of Review

In a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the issue is not whether a plaintiff will ultimately prevail on a claim, but whether his complaint is sufficient to cross the federal court's threshold to allege a claim. *Skinner v. Switzer,* 131 S.Ct. 1289, 1296 (2011). A complaint need not pin a plaintiff's claim for relief to a precise legal theory, but generally requires only a plausible "short and plain" statement of the claim, not an exposition of his legal argument. *Id.* In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555 (internal citations omitted). Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it

3

"stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual allegation." *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009). The court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001).

Rule 56(a) of the Rules of Civil Procedures provides that the court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*,

477 U.S. at 322-23.  A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

        **B.**       **Plaintiffs' Motion for Summary Judgment**

Plaintiffs seeks summary judgment alleging that Defendant should not have instituted foreclosure by advertisement and that the Court should declare any process void.  Plaintiffs claim that they sought modification and therefore Defendant had no authority to foreclose.  Defendant oppose the motion.

In this case, there is no dispute that a foreclosure by advertisement was instituted on the property at issue pursuant to M.C.L. § 3204.  M.C.L. § 600.3205c provides the procedure for requesting a loan modification. Subsection (1) provides that a "[i]f a borrower….contact[s] a person designated under section 3205a(1)(c)  …, the person designated under section 3205a(1)(c) shall work with the borrower to determine whether the borrower qualifies for a loan modification." M.C.L. § 600.3205c(1).  If the borrower is eligible for loan modification, the lender may not initiate foreclosure proceedings unless the lender has offered the loan modification program and the borrower failed to accept the agreement within in 14 days. *Id.* at 600.3205c(7). If foreclosure proceedings are initiated in violation of this statute, the borrower may ask the circuit court to convert the foreclosure proceeding into a judicial foreclosure. *Id.* at 600.3205c(8).  However, section 600.3205c does not authorize a court to set aside the foreclosure. *See Adams v. Wells Fargo Bank*, 2011 U.S. Dist. LEXIS 90226 (E.D. Mich. Aug. 10, 2011) (unpublished) (Section 600.3205c "allows specified borrowers to convert a foreclosure by advertisement to a judicial foreclosure; it does not allow those borrowers to avoid foreclosure altogether or set aside a completed foreclosure.")

The documents submitted by CitiMortgage in response to Plaintiffs' Motion for Summary

5

Judgment asserting they were eligible for a loan modification shows otherwise. Plaintiffs were provided a Trial Period Plan ("TPP") under the Home Affordable Modification Program ("HAMP") after Plaintiffs' discharge in bankruptcy on June 15, 2009. (Ex. 2, Resp.) Plaintiffs informed CitiMortgage on June 17, 2009 that they did not want to proceed with the TPP because a short sale was contemplated. (Ex. 3, Resp.) A letter was then forwarded to CitiMortgage authorizing CitiMortgage to proceed with the loan modification review process. (Ex. 4, Resp.) The TPP payments were set up in the amount of $1,382.00 on June 26, 2009. (Ex. 5, Resp.) Plaintiffs responded that they did not agree to the terms. (Ex. 6, Resp.) However, on July 12, 2009, the TPP was signed by Plaintiffs. (Ex. 7, Resp.)

On August 17, 2009, CitiMortgage received an incomplete loan modification application, without Proof of Residency and bank statements. (Ex. 8, Resp.) The TPP was terminated on August 17, 2009 for failure to provide the required documentation for the loan modification application. (Ex. 9 Resp.) Plaintiffs called CitiMortgage on August 20, 2009 to inquire about a deed in lieu of foreclosure. (Ex. 10, Resp.) Plaintiffs indicated they no longer lived at the property, which meant that Plaintiffs did not qualify for a loan modification under HAMP. (Ex. 10, Resp.) Plaintiffs were advised that a short sale was required to proceed with a deed in lieu of foreclosure. (Ex. 10, Resp.) An incomplete short sale application was received by CitiMortgage on October 14, 2009. (Ex. 11, Resp.) CitiMortgage requested the required documentation for the short sale application on October 16, 2009. (Ex. 12, Resp.) Plaintiffs, in writing, stated that CitiMortgage should move forward with foreclosure. (Ex. 14, Resp.) The short sale process was terminated on October 19, 2009. (Ex. 14, Resp.)

The property was sold at a Sheriff's Sale on July 13, 2011. Three months later, on October

6

17, 2011, Plaintiffs again sought loan modification. (Ex. 15, Resp.) The application was incomplete without the income statements, the tax returns and other bank statements. (Ex. 15, Resp.) Plaintiffs were advised on November 1 and 17, 2011 regarding the required documentation. (Exs. 17 and 19, Resp.) CitiMortgage indicated it could not guarantee that the foreclosure proceedings on the property would not continue. (Ex. 19, Resp.) The Sheriff's Sale occurred on November 22, 2011 and Plaintiffs were notified that they were not eligible for a HAMP modification because the property was now in the redemption period. (Ex. 20, Resp.) Plaintiffs instituted the instant action.

Based on the documents submitted by the parties, there is no genuine issue of material fact that Plaintiffs did not properly request or complete the loan modification since Plaintiffs failed to submit the proper documentation to move forward with the loan modification. Courts have held that unless borrowers comply with the requirements under the statute, borrowers are not eligible to seek relief under M.C.L. § 600.3205c(8). *See, Moss v. Wells Fargo Bank,* 2012 WL 1050069 (E.D. Mich. Mar. 28, 2012)(Hood); *Tawfik v. BAC Home Loans Servicing, LP,* 2011 WL 6181441 (E.D. Mich. Dec. 13, 2011). Plaintiffs' Motion for Summary Judgment based on M.C.L. § 600.3205(c) is denied.

**C.     Defendant CitiMortgage's Motion to Dismiss**

**1.     Waived Claims/Counts II and VI**

CitiMortgage seeks dismissal of the claims against it asserting that Plaintiffs failed to state a claim upon which relief may be granted. Plaintiffs only responded to certain arguments raised by CitiMortgage and did not address in their response the arguments as to Count II (Mortgage Brokers, Lenders and Servicers Licensing Act) and Count VI (standing as to M.C.L. § 600.3204). A party waives opposition to a motion if the party fails to respond to arguments raised in the motion. *See, Innovation Ventures, LLC v. N.V.E. Inc.,* 747 F.Supp.2d 853, 860 (E.D. Mich. 2010); *Scott v. State*

7

*of Tenn.,* 1989 WL 72470, at *2 (6th Cir. Jul. 3, 1989). These counts are dismissed as to CitiMortgage.

### 2. Malpractice Claim (Count IV)

CitiMortgage moves to dismiss Plaintiffs' malpractice claim asserting that the claim is time-barred under the statute of limitations. The statute of limitations in Michigan governing malpractice claims is two years, M.C.L. § 600.5805(6), and accrues at the time the attorney "discontinues serving the plaintiff in a professional ... capacity as to the matters out of which the claim for malpractice arose. ..." M.C.L. § 600.5838(1). Suits may also be brought within six months after a plaintiff discovers or should have discovered the existence of the claim. M.C.L. § 600.5838(2).

The Complaint alleges that First Commonwealth required Plaintiffs to purchase an appraisal in financing the property. (Comp., ¶ 44) The appraiser failed to properly account for rapidly falling prices and demand for housing in the geographic area of the property, failed to take into account and mischaracterized surrounding conditions of the property, and greatly inflated the value of the property. (Comp., ¶ 45) The property was purchased on November 3, 2006 and the Settlement Date is November 3, 2006. (Comp., ¶ 10 and Ex. 4) The Complaint was filed on November 29, 2011, which is beyond the statute of limitations period to file a malpractice claim. There are no contrary facts before the Court to otherwise show that the statute of limitations has not run. The malpractice claim against CitiMortgage must be dismissed.

### 3. TILA, HOEPA (Count V),

CitiMortgage asserts that the TILA and HOEPA claims are time-barred. Plaintiffs argue that because of the Dodd-Frank Act, amending TILA, these claims are not time barred. 12 U.S.C. § 25b(e).

TILA, 15 U.S.C. § 1601 *et seq.,* "was enacted to promote the informed use of credit by consumers requiring meaningful disclosure of credit terms." *Begala v. PNC Bank, Ohio, N.A.,* 163 F.3d 948, 950 (6th Cir. 1998). Generally, a violation of TILA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The one-year period is subject to equitable tolling under limited circumstances. *Jones v. Transohio Savings Assoc.,* 747 F.2d 1037, 1041 (6th Cir. 1984). Under the doctrine of fraudulent concealment, the statute of limitations may be equitably tolled where the plaintiff alleges and establishes: 1) defendant concealed the conduct that constitutes the cause of action; 2) defendant's concealment prevented plaintiff from discovering the cause of action within the time limitations period; and 3) until discovery, plaintiff exercised due diligence in trying to find out about the cause of action. *Egerer v. Woodland Realty, Inc.,* 556 F.3d 415, 422 (6th Cir. 2009). The one-year period will begin to run when the borrower discovers or had reasonable opportunity to discover the fraud involving the complained of TILA violation. *Jones,* 747 F.2d at 1041.

HOEPA, 15 U.S.C. §§ 1602(aa) and 1638, an amendment to TILA, was enacted to address specific deceptive and unjust practices in home equity borrowing. The one year statute of limitations claim also applies to HOEPA violations. 16 U.S.C. § 1640(e); *Koczara v. IndiMac Bank, FSB,* 2011 WL 379422 * 1 (E.D. Mich. Feb. 3, 2011)(unpublished).

The Dodd-Franks Act was enacted on July 21, 2011. The loan financing transactions at issue in this case occurred on November 3, 2006. Courts have held that nothing in the Dodd-Frank Act suggests retroactive effect to acts occurring before the Act was enacted. *Molosky v. Washington Mut., Inc.,* 664 F.3d 109, 113 n. 1 (6th Cir. 2011)(The Dodd-Frank Act came into effect on July 21, 2011, it has no retroactive effect since there is no explicit statement from Congress that the Act is

9

meant to be retroactive and the Act itself declares its contents should not be construed as retroactive.). The TILA and HOEPA claims in Count V are dismissed as time-barred.

### 4. Misrepresentation (Count I) and Breach of Contract (Count III)

CitiMortgage seeks to dismiss the misrepresentation and breach of contract claims because the redemption period has expired. Plaintiffs oppose the motion.

In Michigan, once the redemption period following foreclosure of a parcel of real property has expired, the former owners' rights in and title to the property are extinguished. *Reid v. Rylander,* 270 Mich. 263, 267 (1935); *Piotrowski v. State Land Office Bd.,* 302 Mich. 179, 187 (1942); *Overton v. Mortgage Electronic Registration Systems,* 2009 WL 1507342, *1 (Mich. App. 2009)(unpublished); and *Jackson v. Laker Group, L.L.C.,* 2005 WL 2901787 (Mich. App. Nov. 3, 2005)(unpublished). Here, the redemption period has expired. Plaintiffs no longer have any rights to the property. Even if Plaintiffs were able to show such rights, as to the misrepresentation claim, that claim must be dismissed. Filing of a lawsuit does not toll the redemption period and once that period expired, the plaintiff lacked standing to challenge the foreclosure proceedings. *Overton,* 2009 WL 1507342 at *1. The Sixth Circuit has interpreted Rule 9(b) as requiring a plaintiff to allege the time, place, and content of the alleged misrepresentation on which they relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud. *See, Yuhasz v. Brush Welman, Inc.,* 341 F.3d 559, 563 (6th Cir. 2003). A review of the Complaint shows Plaintiffs have failed to allege any of these as to CitiMortgage. The misrepresentation claim must be dismissed.

### 5. M.C.L. § 600.3204 (Count VI)

In addition to Plaintiffs' failure to address the issue that CitiMortgage does not have standing

to foreclose on the property, CitiMortgage also asserts that Plaintiffs provide no facts as to any alleged defect in the foreclosure process. The Complaint fails to so allege and, for the reasons set forth above that the redemption period has expired, any claim by Plaintiffs that CitiMortgage violated the provisions of section 600.3204 is without merit. Count VI must be dismissed.

### 6. Quiet Title (Count VI)(sic) and Injunctive Relief (Count VII)

Because Plaintiffs are unable to prevail on any of their claims since the redemption period has run in this matter, Plaintiffs are not entitled to Quiet Title or any further injunctive relief. Counts VI(sic) and Count VII should must be dismissed.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Plaintiffs' Motion for Summary Judgment **(Doc. No. 4, filed 1/4/2012)** is DENIED.

IT IS FURTHER ORDERED that Defendant CitiMortgage's Motion to Dismiss **(Doc. No. 3, filed 1/3/2012)** is GRANTED. This action is DISMISSED as to Defendant CitiMortgage.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: September 28, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 28, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager